**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **MIKEL LEE** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 07-5848** |
| | * | |
| **ABDON CALLAIS OFFSHORE, LLC, ET AL** | * | **SECTION "B"(3)** |

**ORDER AND REASONS**

Before the Court is Defendants' Abdon Callais Offshore, LLC("ACO") and Energy Resource Technology Gom, Inc. ("Energy")(collectively "Defendants") Motion to Sever Maintenance and Cure Claims(Rec. Doc. No. 18), Plaintiff Mikel Lee("Plaintiff") filed an opposition to said motion(Rec. Doc. No. 20). After review of the pleadings and applicable law, and for reasons that follow,

**IT IS ORDERED** that Defendants' Motion to Sever Maintenance and Cure Claims is **DENIED**.

**BACKGROUND**

On September 24, 2007, Plaintiff filed suit against Defendants pursuant to general maritime law and the Jones Act, 46 USC §688. On or about June 6, 2007, Plaintiff was involved in an accident, while working as a deckhand with ACO. Plaintiff claims that he was acting in the course and scope of his employment while assisting in mooring the M/V Tina Callais when he stepped into a hole and tripped on Energy's dock surface. Plaintiff suffered injuries to his knee and underwent arthroscopic surgery. Plaintiff later claimed to have also suffered a lower back injury because of the

1

accident and is now requesting that ACO authorize a lumbar laminectomy and discectomy. Defendants request that the Court sever Plaintiff's maintenance and cure claims from his other general maritime claims and to try them in an expedited fashion.

Defendants contend that the alleged back injury is not related to the accident at issue and therefore, request a judicial determination regarding its obligation for cure with respect to Plaintiff's request for back surgery. Defendants point to the fact that Plaintiff received immediate emergency attention for his knee injury, but didn't even mention any back injury until later. A subsequent lumbar MRI revealed a leftward bulge at L4-L5 with possible stenosis and Plaintiff's treating surgeon recommended a discectomy and laminectomy. Defendants claim that Plaintiff had preexisting injuries at the same part of his lower back, but failed to disclose those injuries to Defendants. Defendants state that Plaintiff completed a pre-employment physical questionnaire prior to hire by ACO, wherein Plaintiff denied the following: having any prior back injuries, having made any claims for workers' compensation benefits, and having been restricted by any medical provider. On the contrary, Defendants assert that Plaintiff did have a preexisting back injury that he discovered during his employment with ENSCO. A previous MRI, taken during a physical required by ENSCO, revealed a leftward herniation that was very close to the bulge that Plaintiff's current treating physician

referenced. Defendants' IME has concluded that the herniation referred to in the previous MRI had been identified at the wrong level, and that it is actually the same herniation that Plaintiff complains of now.

Defendants further argue that they are entitled to assert a McCorpen Defense to Plaintiff's claim for cure with respect to the back condition because Plaintiff allegedly concealed his medical condition from his employer. Defendants also point out that there are other credibility issues with respect to Plaintiff's claim for cure, which puts into question the relatedness and causation of Plaintiff's lumbar bulge. For these reasons, Defendants assert that they are entitled to have the Court sever Plaintiff's maintenance and cure claims.

Plaintiff opposes a severance of his maintenance and cure claims and contends that he was severally injured during the accident at issue and that he reported the low back pain immediately after his accident. Plaintiff admits to having a MRI prior to working with ENSCO, but claims that he never received notice of the doctor's note, which restricted him to medium to moderate work because of a disc abnormality in his lumbar spine.

More importantly, Plaintiff points out that Defendants make allegations as to Plaintiff's credibility and relatedness of his back injury, but completely fail to address any of the factors that the Court should consider when deciding whether to sever

3

maintenance and cure claims. Plaintiff alleges that none of the factors to be considered are in Defendants' favor. Specifically, Plaintiff argues that it has not requested an expedited trial of his maintenance and cure claims and opposes Defendants' request for severance. Moreover, Plaintiff asserts that trial is scheduled for August and that he has not requested expedited consideration. Additionally, there is no need to sever maintenance and cure claims because the trial in this matter is a bench trial. Thus, Plaintiff requests that the instant motion be denied.

### *DISCUSSION*

**A. Standard**

A Jones Act seaman has a right to join his maintenance and cure claims with other general maritime claims; he may separately sue for maintenance and cure; or having already filed suit, may request "severance of the maintenance and cure claim and an expedited trial by the court." *Martinez v. Edison Chouest Offshore, Inc.*, 2001 WL 6726 (E.D. La. 2001), (citing *Tate v. American Tugs, Inc.* 634 F.2d 869 (5th Cir. 1981)). The decision to sever a maintenance and cure claim is within the court's discretion. The factors the Court must consider when deciding whether to sever a maintenance and cure claim are: (1) The Complainant's interest in an expedited trial of these issues; (2) The proximity of the scheduled trial date and whether the Complainant has requested a jury trial; and (3) Whether the non-moving party opposes the

motion. *Marine Drilling Mgmt. Co. v. Scott*, 2003 WL 133218 *1 (E.D. La. 2003), (citing *Hampton v. Daybrook Fisheries, Inc.*, 2002 WL 1974107 (E.D. La. 2002)).

B. **Severance of Maintenance and Cure Claims**

Applying the factors above, the Court finds no need to sever Plaintiff's maintenance and cure claims. First, Plaintiff does not desire an expedited trial of his maintenance and cure claims and believes that his entitlement to said claims are not an issue. Second, the trial is scheduled in August and is a bench trial. Therefore, the jury is not forced to hear evidence that is solely related to Plaintiff's maintenance and cure claims. Finally, Plaintiff opposes a severance of his claims. Moreover, the medical expert testimony used in the maintenance and cure trial would be duplicative to trial of the maritime/Jones Act claims against Defendants, causing significant and needless increases in litigation time and expenses.

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Sever Maintenance and Cure Claims is **DENIED**.

New Orleans, Louisiana, this 10th day of June, 2009.

                                             _____
                                                    IVAN L.R. LEMELLE
                                             UNITED STATES DISTRICT JUDGE